UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. RANSOM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K. SPINELLI, et al.,<br><br>　　　　　Defendants. | No. 2:25-cv-0531 AC P<br><br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, has filed a motion requesting that the court appoint counsel. ECF No. 22. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most

///

1  prisoners, such as lack of legal education and limited law library access, do not establish
2  exceptional circumstances that warrant a request for voluntary assistance of counsel.
3      Plaintiff requests the appointment of counsel based on his indigence, lack of legal
4  knowledge, and limited reading comprehension.  ECF No. 22 at 2.  He also asserts that the issues
5  are complex and he requires assistance in conducting discovery.  Id.  The issues identified by
6  plaintiff are common to most prisoners.  Moreover, this case has been referred to early ADR and
7  temporarily stayed.  ECF No. 23.  As a result, there is currently nothing for plaintiff to do, and in
8  the event this case is set for a settlement conference, there is no indication that plaintiff would be
9  unable to proceed at the settlement conference without representation.  Having considered the
10 factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating
11 exceptional circumstances warranting the appointment of counsel at this time.
12     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of
13 counsel (ECF No. 22) is DENIED without prejudice.
14 DATED:  April 1, 2025

*[Signature]*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE