UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. RANSOM, | No. 2:25-cv-0531 AC P |
| Plaintiff, | |
| v. | ORDER |
| K. SPINELLI, et al., | |
| Defendants. | |

Plaintiff has requested the appointment of counsel. ECF No. 40. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests that the court issue a discovery order, set a trial date, and appoint trial counsel. ECF No. 40. He seeks counsel on the grounds that he will no longer be able to receive help from the inmate that has been assisting him, and he does not have any legal knowledge. Id. Plaintiff's request for a discovery order will be denied, as the court has already issued a discovery and scheduling order. ECF No. 37. However, since it appears plaintiff may not have received the order, the Clerk of the Court will be directed to send him another copy. With respect to the request to set a trial date and appoint trial counsel, the request will be denied as premature. Discovery is still ongoing and the deadline to file dispositive motions has not yet passed. Therefore, it is currently unclear whether this case will proceed to trial. To the extent plaintiff seeks a general appointment of counsel, that he does not have any legal education and will no longer have the assistance of the inmate currently helping him are common circumstances for inmates and therefore do not show the existence of extraordinary circumstances warranting the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to order discovery, set a trial date, and appointment counsel (ECF No. 40) is DENIED.

2. The Clerk of the Court is directed to send plaintiff a copy of the August 5, 2025 discovery and scheduling order (ECF No. 37).

DATED: November 17, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2